UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELTRAUD HAGIWARA,<br><br>Plaintiff,<br><br>v.<br><br>DR. RAVI D. RAO,<br><br>Defendant. | Case No. 1:19-cv-0189-JLT (PC)<br><br>**ORDER TO ASSIGN A DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(Doc. 8)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has filed a first amended complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 8.) The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## I.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff brings an Eighth Amendment medical indifference claim against Dr. Ravi D. Rao for conduct occurring while Plaintiff was a state inmate housed at Central California Women's Facility in Chowchilla, California. Plaintiff seeks damages, declaratory relief, and injunctive relief.

Plaintiff's allegations may be fairly summarized as follows:

On February 12, 2018, Dr. Rao performed a surgical procedure on Plaintiff's head and forehead. During the procedure, Dr. Rao made three cuts and sent tissue samples to a nearby lab while Plaintiff remained in the examination room with the instruments. After the lab confirmed that they had what they needed, Dr. Rao returned to the operating room to complete the procedure.

1  However, he did not sterilize the instruments or use new ones.

2  On February 16, 2018, Plaintiff experienced a severe migraine, her temperature rose, and
3  the wound on her head opened. She was admitted to the hospital for sepsis where she was given
4  increased fluids and Rocephin. There, her temperature returned to normal, and hospital staff
5  changed her dressing every four hours. On February 18, 2018, Plaintiff was returned to her housing
6  unit and continued the prescribed regiment. The wound finally closed in July 2018.

7  Plaintiff continues to suffer daily headaches, which she reported to her primary care
8  provider, Dr. Loadlholt. When Dr. Loadlholt contacted Dr. Rao to state how "unhappy" she was
9  and asked what happened to Plaintiff, Dr. Rao's office hung up on Dr. Loadlholt.

10 **III.    Discussion**

11  Where a prisoner's Eighth Amendment claims arise in the context of medical care, the
12 prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
13 indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth
14 Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and
15 the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059
16 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th
17 Cir. 1997) (en banc).

18  A serious medical need exists if the failure to treat the condition could result in further
19 significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091,
20 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of
21 facts from which the inference could be drawn that a substantial risk of serious harm exists, and
22 he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant
23 is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk
24 by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted
25 or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

26  In applying this standard, the Ninth Circuit has held that before it can be said that a
27 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
28 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause

of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

As with her original complaint, Plaintiff's allegations fail to state a medical indifference claim against Dr. Rao, who is accused of performing a surgery in unsterile conditions and with unsterile instruments, leading to a sepsis infection in Plaintiff and recurring headaches. Accepting these allegations as true, they do not suggest deliberate indifference so much as negligence or medical malpractice. As the Court has informed Plaintiff already, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a

constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff's Eighth Amendment claim must therefore be dismissed.

The undersigned finds that further amendment in this case would be futile. The Court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances she challenges, that would state a cognizable claim. In fact, her first amended complaint merely copies verbatim the Court's summary of her original complaint. (<u>See</u> Doc. 4.) "A district court may deny leave to amend when amendment would be futile." <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013); <u>accord</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."); <u>Simon v. Value Behavioral Health, Inc.</u>, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 551 (9th Cir. 2007). The conclusion that this case should be dismissed without leave to amend does not prohibit Plaintiff from pursuing a state law negligence or medical malpractice claim in state court.

### IV. Conclusion

Based on the foregoing, the Court **ORDERS** the Clerk of Court to assign a district judge to this case; and

The Court **RECOMMENDS** that this action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,

839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 1, 2020**                              **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE